**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH D. LANE and
JENNIFER L. LANE,

    Plaintiffs,

v.                                      Case No.  8:13-cv-1271-T-30AEP

QUICKEN LOANS INC., et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Quicken Loans Inc.'s Motion to Dismiss Verified Complaint to Quiet Title (Dkt. 4).  Plaintiffs have failed to timely respond to the motion to dismiss as allowed by the Local Rules and Federal Rules of Civil Procedure.  The Court, having reviewed the motion and being otherwise advised in the premises, concludes the motion to dismiss should be granted.

## BACKGROUND

On April 9, 2013, Plaintiffs Joseph and Jennifer Lane, proceeding *pro se*, filed an action in state court to quiet title to property located at 1880 Stancel Drive, Clearwater, Florida 33764 ("the Property").  Defendant Quicken Loans Inc. removed the quiet title action to this Court on May 13, 2013.

Plaintiffs allege that they acquired title to the Property by a general warranty deed on November 2, 2009. That deed was recorded on December 7, 2009, at Instrument Number 2009319085, Book 16768, Page 2445, Pinellas County Public Records ("the Deed"). Immediately following the entry of the Deed, Quicken Loans recorded a mortgage on the Property securing a loan in the amount of $235,653.00 at Instrument Number 2009319086, Book 16768, Page 2446, Pinellas County Public Records ("the Mortgage"). Plaintiffs attached an unsigned copy of the Mortgage to their complaint; however, Quicken Loans filed a signed copy of the Mortgage which shows the Plaintiffs' initials on each page and signature at the end.[1] Quicken Loans also filed a copy of the Note, signed by Plaintiff Joseph Lane.

Plaintiffs allege that they "repeatedly demanded of Quicken Loans Inc. to prove that it had lent the Plaintiffs any sum of money." Dkt. 2 at 3, ¶ 5. Thus, according to the Plaintiffs' complaint, "Quicken Loans Inc. does not have any valid or enforceable interest in the Plaintiffs' Property, because Quicken Loans Inc. failed to prove that it lent any money to the Plaintiffs." Dkt. 2 at 3, ¶ 7. After Quicken Loans refused to release the Mortgage on the Property, Plaintiffs brought this quiet title action.

---

[1] As a general rule, the Court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). A document outside the complaint may be considered, however, if the document is central to the Plaintiff's claims and is undisputed in terms of authenticity. *Horsely v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, Plaintiffs do not question the centrality of the Mortgage and their failure to respond waives any dispute as to the signed Mortgage's authenticity.

## MOTION TO DISMISS STANDARD OF REVIEW

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal*, 556 U.S. at 680; *see also N.Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 2009 WL 1513389 (M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible."). Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

"A plaintiff seeking to quiet title to property or remove a cloud on property must show with clearness, accuracy, and certainty the validity of his or her title and the invalidity of the title of the opposing party." *United States v. Angulo*, 2012 WL 6009338, at *2 (M.D. Fla. Dec. 3, 2012) (quoting *Rhodes v. JPMorgan Chase Bank, NA.*, 2012 WL 5411062, at *3 (S.D. Fla. Nov. 6, 2012)).

Here, Plaintiffs have failed to identify why the recorded Mortgage should be invalidated. They do not make factual allegations with respect to the execution of the Mortgage or receipt of the loan money. Rather, they rely upon Quicken Loans' failure to respond to their demands to prove it lent them money. Not only is this not a legal basis to invalidate the Mortgage, Plaintiffs do not allege that they did not receive a loan from Quicken Loans. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted.

Additionally, Quicken Loans denies any beneficial interest in the Mortgage, presumably having assigned its interest. If Plaintiffs file an amended complaint, they will need to include the present holder of the Mortgage and Note.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Quicken Loans Inc.'s Motion to Dismiss Verified Complaint to Quiet Title (Dkt. 4) is GRANTED.

2. The complaint is dismissed without prejudice to Plaintiffs to file an amended complaint that states a cause of action within twenty (20) days of the date of this Order.

3. If Plaintiffs fail to file a timely amended complaint, the Court will direct the Clerk to administratively close this case without further notice to the parties.

**DONE** and **ORDERED** in Tampa, Florida on June 12, 2013.

*James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-1271.mtdismiss.frm