# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOSEPH D. LANE and
JENNIFER L. LANE,

       Plaintiffs,

v.                                      Case No: 8:13-cv-1271-T-30AEP

QUICKEN LOANS INC. and
MORTGAGE ELECTRONIC
REGISTRATION SYSTMES, INC.,

       Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon the Defendant Quicken Loans Inc.'s Motion to Dismiss Third Amended Verified Complaint and for Injunctive Relief (Dkt. #19) and Plaintiffs' Motion to Drop Party (Dkt. #15). It is the Court's conclusion that Defendant's Motion to Dismiss should be granted, and Plaintiff's motion is moot.

### Background

Plaintiffs initially filed this action, *pro se*, seeking to quiet title to property they own. They alleged that Quicken Loans, Inc. ("Quicken Loans") loaned them $235,653.00 to purchase a home. In exchange, the Plaintiffs granted a mortgage on the property to Mortgage Electronic Registration Systems ("MERS"), as nominee for Quicken Loans, and its successors and assigns. The mortgage attached to the original complaint and the Third Amended Verified Complaint identifies MERS as the mortgagee. Quicken Loans

asserts that it is no longer the loan servicer or investor in this mortgage as of January 20, 2010 and therefore has no legal or beneficial interest in the property at this time.

Plaintiffs' original complaint was dismissed for failure to state a claim against Quicken Loans to quiet title against the Property. This Court gave Plaintiffs an opportunity to amend their complaint. Plaintiffs filed an Amended Complaint on July 23, 2013 and then, without leave of court, filed another Amended Complaint on August 2, 2013. Quicken Loans responded with another Motion to Dismiss, but prior to this Court's ruling on the motion, Plaintiffs filed a Motion for Leave to Add Party Defendant and to Amend Complaint along with a Motion to Drop Party Defendant Quicken Loans. Plaintiffs asserted in their motions that they recognize that MERS may have an interest in the property due to an assignment from Quicken Loans, and that Quicken Loans claims to have no interest in the property. This Court granted the Defendant's Motion to Amend the Complaint and add an additional party and denied Quicken Loans' Motion to Dismiss accordingly.

Plaintiff's Third Amended Verified Complaint alleges causes of action for "unknown holder in due course," misrepresentation, breach of contract, Florida RICO Act, and "mortgage securing note." It names MERS as the defendant in both the caption and under the section titled "Parties;" however, it also references Quicken Loans throughout the body of the complaint.

*Discussion*

### I.     Motion to Dismiss Standard

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id*.  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc*., 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### II.     Defendant's Motion to Dismiss

Defendant argues that the Third Amended Verified Complaint should be dismissed because Plaintiffs continue to seek relief against Quicken Loans even though it asserts no legal or beneficial interest in the property.  Further, it asserts that as to each count seeking relief against Quicken Loans, Plaintiffs still fail to state a claim upon which relief can be granted. In addition, Quicken Loans requests injunctive relief in the form of an order

prohibiting plaintiffs from filing any new or amended claims against Quicken Loans without first seeking leave of court and posting a bond.

The Third Amended Complaint mentions Quicken Loans throughout the allegations but it is completely unclear whether the Plaintiffs are attempting to bring all of these causes of action against Quicken Loans or MERS or both.  Even assuming that Plaintiffs are pursuing all of their claims against Quicken Loans, the various legal theories set forth in the Complaint are legally deficient, and Plaintiffs otherwise fail to plead facts necessary to state a cause of action against Quicken Loans under each count.

Because Plaintiffs have failed to set forth a legally cognizable claim against Defendant Quicken Loans after having been afforded guidance from the Court and having received three opportunities to file a complaint that complies with the Federal Rules of Civil Procedure, Plaintiff's Third Amended Verified Complaint should be dismissed with prejudice.  The Court further concludes that the injunctive relief requested is unwarranted at this time.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Quicken Loans Inc.'s Motion to Dismiss Third Amended Verified Complaint and For Injunctive Relief (Dkt. #19) is granted.

2.      Plaintiffs' Third Amended Verified Complaint is hereby dismissed with prejudice as to Quicken Loans, Inc.

3.      Plaintiff's Motion to Drop Party Defendant (Dkt. #15) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of October, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1271-mtd 19.docx