**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOSEPH D. LANE and
JENNIFER L. LANE,

    Plaintiffs,

v.                                                  Case No: 8:13-cv-1271-T-30AEP

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

    Defendant.

---

**ORDER**

    THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss the Fourth Amended Quiet Title Complaint (Dkt. #30) and Plaintiff's Response in Opposition (Dkt. #31). The Court provided a background in its October 3, 2013 Order dismissing the Third Amended Verified Complaint without prejudice (Dkt. #21). The Plaintiffs have had several opportunities to properly allege a cause of action to quiet title to their property. This Fourth Amended Complaint does not state sufficient facts to show that MERS "asserts any claim …which may cast a cloud on the title of the real owner." Fla. Stat. 65.061(2). Therefore, the Court concludes that the Motion should be granted and the Fourth Amended Complaint dismissed without leave to amend.

## I. Motion to Dismiss Standard

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id*. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. The Court is bound by the four corners of the complaint in its review of a motion to dismiss. *Wilcombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). A court may only consider the complaint and any documents referred to in the complaint which are central to the claims. *Id*.

## II. Plaintiff's Fourth Amended Complaint

Plaintiffs allege that they have title to certain property, which is a single family residence. They allege that Mortgage Electronics Systems ("MERS")[1] has an interest in

---

[1] MERS was created in the mid-1990s to facilitate the transfer of large volumes of mortgages from one holder to another. These transfers are typically required in the mortgage-

the property that casts a cloud on their title for the following reasons: (1) if MERS does not have the note and mortgage, Plaintiffs are entitled to quiet title (2) the note has been severed from the mortgage, making the mortgage void, (3) there is no record of a transfer of the note and mortgage in public records, (4) "upon information and belief" the note is paid in full. Essentially Plaintiffs argue that the mortgage is void and therefore, casts a cloud on their title.

A quiet title claim requires that a plaintiff plead facts that show "1) the plaintiff holds title to the property in question; and 2) a cloud on title exists." *Mattison v. Homecomings Fin., LLC*, 2012 WL 2589351, at *3 (M.D.Fla. July 3, 2012) (*citing Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953)). To assert a cloud on title, a plaintiff must set forth the matter that constitutes the alleged cloud, facts that give the claim apparent validity, and facts that show its invalidity. *See id*. The Plaintiffs properly allege that they own the property at issue and have title to it. The only interest that Plaintiffs allege MERS has is as the mortgagee solely as nominee for the lender as described in the mortgage agreement. However, Plaintiffs do not sufficiently allege facts to show the invalidity of MERS' interest in the property which would create a cloud on the title entitling them to relief.

---

backed securities industry. The MERS system is a national electronic database that tracks changes in mortgage servicing and beneficial ownership interests in residential mortgage loans. Under the system, MERS serves as the nominee for several owners of the promissory note and keeps track of which actual owner owns the promissory note at any given time. However, the name on the public records with the county does not change from MERS. *Altier v. Fed. Nat. Mortg. Ass'n*, 1:13-CV-164-MW/GRJ, 2013 WL 6388521, n.4 (N.D. Fla. 2013) (*citing Simon v. Mortgage Electronic Registration Systems, Inc*., No. 13–80190–CIV, 2013 WL 3873956 (S.D.Fla. July 25, 2013)).

Plaintiffs assert that there is no proof of a valid transfer of their mortgage presumably from Quicken Loans (which asserted in a prior pleading that it no longer has a beneficial interest in the property at issue) to MERS in public records. However, the mortgage itself names MERS as mortgagee, therefore MERS had an interest in the mortgage from its outset. Even if MERS did transfer the mortgage or execute an assignment, the mortgage agreement which Plaintiffs incorporated into their pleading[2] permits MERS to engage in such a transaction. Therefore, that transaction on its own would not invalidate the mortgage.

In *Taylor v. Deutsche Bank National Trust Co.*, 44 So. 3d 618, 623 (Fla. 5th DCA 2010), MERS was designated as the mortgagee of a security agreement, which provided that

> Borrower understands and agrees that ... MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

*Id*. at 620. On the basis of that language, the court held that MERS was a nonholder in possession of the instrument who had the rights of a holder. Therefore, MERS had the power to assign its interest in the mortgage to a lender, enabling the lender to enforce the note. Here, the mortgage contains the same terms as those in *Taylor*. This language in the

---

[2] Although Plaintiffs reference the mortgage agreement as Exhibit B in the Fourth Amended Complaint, they failed to actually attach the document. Nonetheless, a copy of the mortgage agreement was attached to the Third Amended Complaint, upon which the court relies.

mortgage gave MERS the rights of a holder of the note. MERS is therefore permitted to assign those rights—including the right to enforce the note—to a third party. *See Taylor*, 44 So. 3d at 623; *see also Pounds v. Countrywide Home Loans*, *Inc.*, 12-60692-CIV, 2012 WL 4194420 (S.D. Fla. 2012) (holding that Plaintiffs did not state a cause of action to quiet title against MERS based on a lack of proof of a valid transfer and lack of authority of MERS to make the transfer, thereby precluding the allegation that the transfer created a cloud on the title.) Therefore, the allegations that MERS transferred the note and there is no record of the transfer in public records are not sufficient to bring a quiet title action.

Further, Florida law does not support Plaintiffs' allegations that if the note and the mortgage are severed the mortgage becomes void. Under Florida law, the assignment of a security agreement without pledge or assignment of the underlying note "only means that the holder of the mortgage has no right to enforce the mortgage, if the holder does not also hold the promissory note." *Altier v. Fed. Nat. Mortg. Ass'n*, 1:13-CV-164-MW/GRJ, 2013 WL 6388521 (N.D. Fla. 2013) (*citing Sobel v. Mutual Dev., Inc.*, 313 So. 2d 77, 78 (Fla. 1st DCA 1975)). It does not mean that the mortgage is invalid and the homeowner now has clear title. *Id*. (*citing Roder v. RH Funding Company*, No. 6:12–CV–1076–ORL–36KRS, 2012 WL 6799690, at *3 (M.D.Fla. Dec. 10, 2012)). Therefore, the assignment of the mortgage, severance of the mortgage and note, and lack of its recording in public records does not state sufficient facts to allege that MERS' interest in the property creates a cloud on the title.

Further, the Plaintiffs allege that "upon information and belief, the note is paid in full." "The *Twombly* plausibility standard … does not prevent a plaintiff from pleading

5

facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible." *Associated Indus. Ins. Co., Inc. v. Advanced Mgmt. Services, Inc*., 12-80393-CIV, 2013 WL 1176252 (S.D. Fla. 2013) (internal quotations omitted) (*citing Iqbal*, 556 U.S. at 678) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")) Plaintiffs do not state any facts to support the conclusion that the note is paid in full.

To the extent that Plaintiffs are alleging that the note is paid due to the transfer of the mortgage thereby eliminating their obligation under the note to repay it, their argument fails. "The transfer of a mortgage on the secondary market does not discharge a mortgagor's obligation under a mortgage and note even if the original lender was paid." *Rhodes v. JP Morgan Chase Bank, N.A.,* No. 12–80368–CIV, 2012 WL 5411062 *3 (S.D.Fla. Nov.6, 2012).; *Horvath v. Bank of New York, N.A.,* No. 1:09–cv–01129, 2010 WL 538039, at *2 (E.D.Va. Jan.29, 2010) (dismissing the plaintiff's quiet title claim and noting that the plaintiff was not discharged from the obligation under the note because of the original lender's sale and assignment of the notes.) Therefore, Plaintiffs' Fourth Amended Complaint fails to state a cause of action to quiet title to the property.

The Eleventh Circuit has held that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Ingram & Assocs*., 441 Fed. Appx. 712, 717 n. 3 (11th Cir. 2011) (*quoting Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006)); *Milton v. Turner*, 445 Fed. Appx. 159, 161–62 (11th Cir. 2011) (*quoting Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)).

6

However, "the leniency afforded *pro se* litigants does not give courts license to serve as *de facto* counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler*, 441 Fed. Appx. at 717 (citation omitted). The Court has construed Plaintiffs allegations liberally, and provided Plaintiffs with several opportunities to cure the deficiencies in their complaint. But Plaintiffs have been unable to cure the deficiencies. Therefore, the Court will dismiss this action without leave to amend the complaint.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss the Fourth Amended Quiet Title Complaint (Dkt. #30) is GRANTED.

2. Plaintiffs' Fourth Amended Complaint is dismissed without leave to amend.

3. The Clerk is directed to deny all pending motions as moot and close the case.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of January, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1271 mtd 30.docx