## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSEPH D. LANE and
JENNIFER L. LANE,

      Plaintiffs,

v.                                        Case No: 8:13-cv-1271-T-30AEP

MORTGAGE ELECTRONIC
REGISTRATION SYSTMES, INC.,

      Defendant.

_____

## **ORDER**

      THIS CAUSE comes before the Court upon the Plaintiffs' Motion for Reconsideration (Dkt. #33). Defendant failed to file a timely response in opposition to the Motion. Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

      Plaintiffs filed this action *pro se* in an attempt to quiet title to their property based on a theory that the mortgage is void. Plaintiffs had multiple opportunities to properly state a cause of action, but failed to do so.  The Eleventh Circuit has held that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Ingram & Assocs.*, 441 Fed. Appx. 712, 717 n. 3 (11th Cir. 2011) (quoting *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006)); *Milton v. Turner*, 445 Fed. Appx. 159, 161–62 (11th Cir. 2011) (quoting *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). However, "the leniency afforded *pro se* litigants does not give courts license to serve as *de facto* counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler*, 441 Fed. Appx. at 717 (citation omitted).

The Court read the allegations in the light most favorable to Plaintiff when ruling on the Motions to Dismiss filed by the current and previous Defendant, and construed the allegations liberally. Nonetheless, Plaintiffs could not sustain a claim for a quiet title action.

Plaintiffs now move for reconsideration of the Court's order dismissing its Fourth Amended Complaint without leave to amend. The grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Further, an intervening change in controlling law may also be a basis to reconsider a prior ruling. *Parker v. Midland Credit Management, Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012). A motion for reconsideration cannot be used to re-litigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *See id.*; *Arthur*, 500 F.3d at 1343. Plaintiffs' Motion is an attempt to re-litigate the same matters and arguments; it raises no new evidence or point to any manifest errors in law or fact. Therefore, the Court will deny the Motion.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiffs' Motion for Reconsideration (Dkt. #33) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of February, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1271 reconsideration 33.docx